UNITED STATES of America,
Plaintiff-Appellee,

v.

Ernest Louis POWELL, Defendant-
Appellant.

No. 19601.

United States Court of Appeals
Sixth Circuit.

Jan. 20, 1970.

J. Bruce Miller, Louisville, Ky., for defendant-appellant.

Kenneth J. Tuggle, Asst. U. S. Atty., Louisville, Ky., for plaintiff-appellee; Ernest W. Rivers, U. S. Atty., Louisville, Ky., on brief.

Before WEICK, EDWARDS, and PECK, Circuit Judges.

EDWARDS, Circuit Judge.

Appellant was convicted after a jury trial for violating 18 U.S.C. § 2313. He had been indicted for concealing a stolen automobile in interstate commerce, knowing the same to have been stolen. The single-count indictment charged:

"On or about and between August 11, 1968, and October 5, 1968, in the Western District of Kentucky, ERNEST LOUIS POSELL [sic] concealed a stolen motor vehicle, to-wit, a 1965 Buick automobile, Vehicle Identification No. 484375H214524, which was moving as interstate commerce; that is, in commerce from Cincinnati, State of Ohio, to Louisville, State of Kentucky, and he then knew the motor vehicle to have been stolen."

The District Judge charged the jury on the issue of concealment as follows:

"And thirdly, that the defendant concealed this automobile knowing it to be stolen. And it is upon that element that apparently he rests his defense.

"Now, by concealment is not meant taking this car and hiding it some place in the bushes or in a garage or in a pit somewhere. By concealing it, we mean by keeping it from its proper owner, depriving him of the use of it. That is what we mean by concealing."

The statute under which appellant was indicted made it a federal crime to do any one of a number of acts in relation to a stolen car moving in interstate commerce when the accused knew it was stolen. Section 2313 provides:

"Whoever receives, conceals, stores, barters, sells, or disposes of any motor vehicle or aircraft, moving as, or which is a part of, or which constitutes interstate or foreign commerce, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both." 18 U.S.C. § 2313 (1964).

Each one of the prohibited acts describes a separate crime. Weaver v. United States, 374 F.2d 878, 880 (5th Cir. 1967). But, of course, appellant was charged only with concealing.

We believe that the charge given by the District Judge does not properly define concealing. Concealing a stolen automobile requires some overt act over and above mere open possession, even if that possession be linked with knowledge that the car was stolen.

While one can conceal knowledge merely by not revealing it, the word "conceal" as applied to a physical object is usually defined synonymously with the word "hide". Other synonyms include: "secrete," "bury," "cache," and "screen." Definitions of "conceal" include:

"2: to place out of sight: withdraw from being observed: shield from vision or notice * * * " Webster's Third New International Dictionary 469 (1964).

Generally the courts have described the offense of concealing a stolen automobile merely by referring to the overt act involved, such as changing the serial numbers and removing the license plates, Williams v. United States, 244 F.2d 303 (4th Cir. 1957); changing the license plates, Phillips v. United States, 206 F.2d 923 (10th Cir. 1953); employing a spurious bill of sale and forged registration, United States v. Guido, 200 F.2d 105 (2d Cir. 1952); and changing the serial numbers, Donaldson v. United States, 82 F.2d 680 (7th Cir. 1936).

The instruction quoted above was clear error and could have misled the jury.

The judgment and sentence are vacated and the case is remanded to the District Court for a new trial or other proceedings consistent with this opinion.