UNITED STATES of America, Plaintiff-Appellee,

v.

Robert Franklin WARD, Jr., Defendant-Appellant.

No. 20377.

United States Court of Appeals, Sixth Circuit.

Nov. 20, 1970.

James F. Butler, court-appointed, Jackson, Tenn., for appellant on brief.

Thomas F. Turley, Jr., U. S. Atty., J. N. Raines, Asst. U. S. Atty., Memphis, Tenn., for appellee on brief.

Before PHILLIPS, Chief Judge, EDWARDS, and MILLER, Circuit Judges.

PER CURIAM.

Appellant was convicted under both counts of a two-count indictment charging him with interstate transportation of a stolen motor vehicle with knowledge that it was stolen, and concealing a stolen motor vehicle transported in interstate commerce knowing it to have been stolen, in violation of 18 U.S.C. §§ 2312 & 2313. The sole question presented on appeal is whether the evidence is sufficient to sustain the conviction. We hold that it is.

Appellant contends, as to the first count, that the Government failed to prove transportation of the vehicle by the appellant in interstate commerce, or, alternatively, that the Government failed to prove that he knew that it was stolen. Appellant concedes that the car was proved to have been stolen in St. Louis, Missouri, and found in Paris, Tennessee.

Officer James Hall of the Paris, Tennessee police force, testified for the Government that he removed appellant's suitcase and a Kentucky license plate belonging to appellant's mother from the stolen car when he arrested the appellant on an unrelated charge in a restaurant near the place where the car was parked in Paris, Tennessee. Appellant's testimony at trial was that he owned a car of similar make and model to that which was stolen and brought to Tennessee, but that his car at the time was in a shop and was subsequently sold by his mother to a junk dealer while appellant awaited trial in jail. Appellant contends that Hall's testimony was in error and that the suitcase and tag were taken from his car, which was in a shop across the street from the place where he was arrested. Both Hall and FBI Agent Quinn testified that appellant had identified the stolen car as his. Appellant also apparently tried on two occasions prior to trial to explain the lack of title papers for the car while asserting that it was his. In his testimony appellant explained that on these occasions he was confused as to which car was being discussed and thought that reference was being made by Hall and Quinn to his car. "Recent unexplained possession . . . of a stolen motor vehicle in another state by a defendant permits an inference that he stole it and suffices to support a conviction [for transportation] in interstate commerce." United States v. Johnson, 412 F.2d 787, 788 (6th Cir. 1969). We think the evidence here was sufficient to show possession and thus to permit the inference of knowledge that the vehicle was stolen.

As to count two, appellant contends that there was no evidence to support the verdict. There was testimony that the Missouri license plates found on the car were stolen from another vehicle in St. Louis. The trial judge correctly instructed the jury that concealment includes doing any act that was intended to "throw off" the owner searching for the car. We think the evidence that stolen license plates were placed on

the car—a car which the jury could reasonably infer was in appellant's possession—is sufficient to sustain the verdict as to count two.

 Where, as here, the appellant's testimony is the only evidence to counter the adverse circumstantial evidence of the Government's witnesses (which we have concluded was sufficient to support the verdict), the jury may properly reject appellant's explanation and find him guilty. *See* Harper v. United States, 405 F.2d 185 (5th Cir. 1969).

Affirmed.