UNITED STATES of America,
Appellee,

v.

Thomas SARGIS, Appellant.

No. 72–1107.

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1972.

Decided June 16, 1972.

Merle L. Silverstein, Clayton, Mo., for appellant.

Daniel Bartlett, Jr., U. S. Atty., and Charles D. Kitchin, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before ROSS and STEPHENSON, Circuit Judges, and DAVIES, Senior District Judge.*

PER CURIAM.

Thomas Sargis appeals from his jury conviction for unlawful possession of certain stolen mail matter, in violation of 18 U.S.C. § 1708. Judge Wangelin

* Sitting by special designation.

sentenced appellant to four year's imprisonment.

■ The trial court instructed the jury that:

> Possession of property recently stolen, if not satisfactorily explained, is a circumstance from which the jury may reasonably draw the inference and find in the light of surrounding circumstances that the person in possession knew the property had been stolen.

> The same inferences may reasonably be drawn from a *false explanation* of possession of property recently stolen.[1] (Emphasis added).

Sargis asserts that the latter part of the instruction was unsupported by the evidence in that Sargis never offered any explanation of his possession of the stolen Master Charge Credit Card and that the "false explanation" instruction therefore could only serve to confuse and lead the jury to speculate that Sargis had possibly made a false or questionable statement to explain his possession of the credit card.[2]

Appellant's two witnesses both offered explanations regarding appellant's acquisition and possession of the stolen credit card. If the jury disbelieved their testimony, clearly they could draw the same permissive inference from their "false explanations" as if Sargis had taken the stand and given explanatory testimony. In any event, we fail to see how the jury could possibly have been confused by the instruction. The trial court further instructed them on Sargis' constitutional right that he need not take the witness stand and testify, that possession may be satisfactorily explained through other circumstances, other evidence, independent of any testimony of the accused, and that it was within the jury's exclusive province to determine whether the facts and circumstances as shown by the evidence warranted their drawing any permitted inferences. We find appellant's argument specious and wholly devoid of merit.[3]

■ Appellant makes an equally tenuous claim regarding the trial court's instruction defining the term "stolen" as used in § 1708.[4] We conclude, however, that appellant is precluded by Rule 30 of the Federal Rules of Criminal Procedure from raising this issue on appeal. In chambers, counsel for appellant made the following objection to the proposed instruction:

> Your Honor, I'm going to make one objection to the instruction, and I haven't had a chance to research it but the Government instruction Number Nine, the definition of the word 'stolen' does not—appears to me to be too broad and not as specific as it should be and I'm going to object to it on that basis.

Under Rule 30, error may not be assigned to any portion of a charge unless the complaining party states *distinctly the matter to which he objects and the grounds of his objection.* The purpose of the rule is to give the trial court fair opportunity to correct any mistakes in his proposed charge to the jury. Objections which do not effectuate this desired end are precluded from appellate review. *Johnson v. United States,* 291 F.2d 150, 156 (CA8 1961). Here, appellant's objection fell far short of compliance with Rule 30. An objection that a definitional instruction is "too broad" without pointing out why it is "not as

---

1. See 1 Devitt & Blackmar, Fed. Jury Instr. § 13.12 (2 ed. 1970).

2. Sargis did not testify in his own behalf.

3. This Circuit has approved this type of instruction as fair and proper. Anderson v. United States, 406 F.2d 529, 535 (CA8 1969) and cases cited therein.

4. Appellant contends that the definition of "stolen" as meaning a wrongful or dishonest taking was erroneous in that the jury could conclude that Sargis had "stolen" the credit card even if they believed his defense that he had innocently "found" it on a barroom floor. However, Sargis was charged with *unlawful possession* of stolen mail, not stealing mail.

specific as it should be" is wholly insufficient. See Friedman v. United States, 381 F.2d 155, 160–161 (CA8 1967); Northcraft v. United States, 271 F.2d 184, 189–190 (CA8 1959) and McDonough v. United States, 248 F.2d 725, 729 (CA8 1957). See also United States v. Brown, 453 F.2d 101, 106–107 (CA8 1971). Further, we find no "plain error" in the instruction attacked.

Appellant's final contention is that the trial court erred in not declaring a mistrial following a question asked a witness by the prosecution concerning her viewing Sargis in a police line-up.

Mrs. Lewis had been a chief witness for the Government. She positively identified Sargis as the person who had made purchases with the stolen credit card. Her identification remained firm under cross examination. On redirect, the prosecution asked her "Between the date the person was in the store and the date of this trial have you viewed a line-up, a police line-up or show-up?" The trial court sustained appellant's objection and instructed the jury to disregard the question.

Sargis contends that a mistrial should have been declared for the reason that the obvious intention and effect of such questioning by the Government was "calculated prosecution strategy solely to communicate to the jury that defendant was a police character and had prior criminal involvement."

 It is prejudicial error, of course, for the prosecution to resort to evidence of the defendant's prior evil character to establish a probability of his guilt. Osborne v. United States, 351 F.2d 111 (CA8 1965). See also United States v. Straughan, 453 F.2d 422, 426 (CA8 1972) (and cases cited in fn. 3). Under the circumstances present, however, we fail to see how what transpired could have intimated a prior criminal involvement in the appellant's past. The reference to a police line-up obviously related to the present charge against Sargis; to suggest otherwise is unfounded speculation. At most, the question constituted an unnecessary but harmless attempt to bolster the witness' identification testimony given on direct examination.

An examination of the record convinces us that Sargis was afforded a fair trial and that his constitutional rights were fully protected.

The judgment is affirmed.