**UNITED STATES of America,
Appellee,**

v.

**Lloyd FOLSOM, Jr., Appellant.**

**UNITED STATES of America,
Appellee,**

v.

**Gerald Lance SINGER, Appellant.**

**Nos. 72–1607, 72–1618.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 10, 1973.

Decided June 8, 1973.

**2**

Gary Eldredge, and Robert G. Duncan, Kansas City, Mo., for appellants.

Anthony Nugent, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before LAY and STEPHENSON, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

STEPHENSON, Circuit Judge.

Appellants make numerous contentions of error in their trial wherein they were convicted by a jury for violation of the Dyer Act. 18 U.S.C. § 2313. The jury failed to return a verdict on Count I of the indictment which charged appellants with *transporting* a stolen motor vehicle, but convicted appellants on Count II in which it was charged that they had *concealed* a stolen motor vehicle.

On appeal, appellants present the following contentions:

1. Whether there was sufficient evidence to support the jury's verdict on Count II.

2. Whether there was sufficient evidence to identify the truck found in appellants' possession as the one stolen.

3. Whether the trial court erred in charging the jury that they may infer guilt from the "defendant's unexplained or unsatisfactorily explained possession of recently stolen property."

4. Whether the jury charge allowed the jury to convict appellant Singer of *receiving* stolen property, an offense not charged in the indictment.

5. Whether the trial court erred in its definition of *concealment* in its charge to the jury.

I. A thorough examination of the record convinces us that the evidence, when viewed in the light "most favorable to sustaining the jury verdict and [accepting] as established all reasonable inferences that tend to support the jury's determination," is clearly sufficient to support the jury's verdict as to both appellants. *See*, United States v. Mahanna, 461 F.2d 1110, 1116 (CA8 1972) and United States v. Briddle, 430 F.2d 1335, 1337, 1338 (CA8 1970). *See also*, United States v. Brady, 425 F.2d 309 (CA8 1970).

II. There was also sufficient evidence to identify the stolen motor vehicle as the one recovered from the appellants. Not only was color, make and year established, but the truck recovered was identified by its owner as the one stolen and the Chief of Police testified that he had discovered the recovered truck's ID tag to have been removed from the door and lying in the back of the truck. Furthermore, appellant Singer later personally delivered the stolen vehicle's license plate, some doors and windows to the owner of the truck.

III. The trial judge instructed the jury that if they found that the government had proved beyond a reasonable doubt every essential element of the of-

---

* Eastern District of Michigan, sitting by designation.

fense charged and that the appellant had possession of the stolen truck, that the jury may infer guilt from the defendant's unexplained or unsatisfactorily explained possession of the recently stolen property if such an inference was warranted in their judgment. This instruction has been approved on numerous occasions by this Circuit in Dyer Act cases. United States v. Johnson, 466 F.2d 537 (CA8 1972) (and cases cited at 538). But see, United States v. Barnes, 466 F.2d 1361 (CA9 1972), cert. granted, 409 U.S. 1037, 93 S.Ct. 544, 34 L.Ed. 2d 486 (1973). Under the instruction the jury was entitled to disbelieve appellant Folsom's explanation as to how he and Singer came into possession of the stolen truck. We are satisfied that under the circumstances of the case the instruction was appropriate.

 IV. Appellant Singer is foreclosed by Rule 30 of the Federal Rules of Criminal Procedure from raising on appeal the fourth contention, that under the instructions the jury was allowed to convict Singer of *receiving* stolen property, a crime under § 2313 not charged in the indictment (Singer was charged with *concealing* a stolen motor vehicle).[1] Rule 30 provides that "No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." In any event, we are satisfied that the instructions, when viewed as a whole, clearly indicated to the jury that Singer was being tried and that they could convict him only for concealing, and not receiving the stolen truck.

 V. Finally, Singer contends that the trial court's instructions were erroneous in that they allowed the jury to find Singer guilty of concealing the stolen truck for only his mere possession of the motor vehicle. Again we would be justified in refusing to consider the contention for noncompliance with Rule 30 since no objection was made until after the jury had retired to consider its verdict. United States v. Gurule, 437 F.2d 239, 242 (CA10 1970). See Harding v. United States, 337 F.2d 254, 257 (CA8 1964).

"Concealing a stolen automobile requires some overt act over and above mere possession." United States v. Powell, 420 F.2d 949, 950 (CA6 1970). See also, Mahanna, *supra* 461 F.2d at 1117, fn 1. The trial court in its charge to the jury stated that the term conceal *"includes* doing any act which was intended to throw off an owner searching for his car."[2] (emphasis added) The instructions, when viewed in their entirety, disclose to our satisfaction that this particular charge was appropriate in the context of this case and that the trial court in no way precluded the jury from applying the ordinary meaning of the term conceal. The instruction was intended only to give supplemental meaning to the common definition of the term. We are satisfied that Singer suffered no prejudice by the instruction and could not have been convicted solely on the basis of "mere possession" of the stolen truck. Furthermore the evidence of concealment is strong and clearly supports the jury's verdict. The truck's license plates were replaced, one vehicle

---

1. The trial court instructed that the essential elements of the offense in Count II were:

> First, the act or acts of receiving and concealing or causing to be received and concealed a stolen motor vehicle moving in interstate commerce; and, second, doing such act or acts with knowledge that the motor vehicle had been stolen.

Other instructions regarding Count II refer only to the concealment of the stolen truck.

2. The Sixth Circuit, subsequent to *Powell,* has approved this instruction. United States v. Ward, 433 F.2d 1299, 1300 (CA6 1970).

identification number removed and another distorted. See *Powell, supra* (and cases cited 420 F.2d at 950).

The judgment is affirmed.