UNITED STATES of America,
Appellee,

v.

John Ellis LAWSON, Appellant.

No. 73–1110.

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1973.

Decided Aug. 20, 1973.

Certiorari Denied Jan. 7, 1974.
See 94 S.Ct. 874.

Jerome T. Bollato, St. Louis, Mo., for appellant.

Jerry J. Murphy, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before Mr. Justice CLARK,* HEANEY, Circuit Judge, and SCHATZ, District Judge.**

SCHATZ, District Judge.

Appellant is here on appeal from his conviction on Count II of a two-count indictment charging him with knowingly and intentionally distributing a controlled substance in violation of 21 U.S. C. § 841(a)(1). The jury failed to return a verdict on Count I of the indictment which was based on a similar violation on an earlier date.

On appeal, Lawson assigns the following errors:

1) The district court erred in giving an instruction on circumstantial evidence in conjunction with one on reasonable doubt, thereby confusing and misleading the jury and;

2) The district court erred in permitting the prosecution to comment on certain statements on rebuttal which he had not referred to in the first portion of his final argument, thereby depriving defendant of an opportunity to reply to said matters.

We will deal with these contentions in the order they are raised.

## JURY INSTRUCTIONS

After the close of the evidence in the trial below, the district judge charged the jury as follows regarding "reasonable doubt":

"It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense —the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that you would be willing to rely and act upon it unhesitatingly. Putting it in another way, a reasonable doubt means a substantial doubt and not the mere possibility of innocence." (Transcript at p. 136.)

Following said instruction, the jury was charged with the pertinent part of the Federal law involved; the language of the indictment; a definition of pertinent terms; the essential elements of the offense; the law on entrapment; reiteration of the burden on the government; and the following instruction relative to proving intent:

"Intent may be proved by circumstantial evidence. It rarely can be established by any other means. While witnesses may see and hear and thus be able give direct evidence of what a defendant does or fails to do, there can be no eyewitness account of the state of mind with which the acts were done or omitted. But what a defendant does or fails to do may indicate intent or lack of intent to commit the offense charged." (Transcript at p. 141.)

Appellant contends that the giving of this "circumstantial evidence" instruction along with the one previously set forth on reasonable doubt was error under Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954). Although appellant's brief argues that an objection to the jury instructions was

---

* Associate Justice Tom C. Clark, United States Supreme Court, Retired, sitting by designation.

** District Judge Albert G. Schatz, District of Nebraska, sitting by designation.

tendered, the record discloses otherwise.[1] It is well settled that failure to object to the charge before the jury retires to consider its verdict defeats the purpose of Fed.R.Crim.P. 30 to "give the trial court fair opportunity to correct any mistake in his proposed charge to the jury," United States v. Sargis, 460 F.2d 1329, 1330 (8th Cir. 1972), and thus renders the instruction unassailable on review in the absence of plain error. United States v. Sellaro (8th Cir., No. 71–1719, June 12, 1973); United States v. Folsom, 479 F.2d 1 (8th Cir. 1973); United States v. Hamlin, 432 F.2d 905, 909 (8th Cir. 1970); United States v. Stead, 422 F.2d 183, 185 (8th Cir.), cert. denied, 397 U.S. 1080, 90 S.Ct. 1534, 25 L.Ed.2d 816 (1970). Lawson's contention is that the instruction on the permissible evidence to be considered by the jury in finding intent, set forth above, violated the Supreme Court's admonition in Holland v. United States, *supra*, 348 U.S. at 139–140, 75 S.Ct. 127, 99 L.Ed. 150, that when an adequate reasonable doubt instruction is given to the jury, an additional instruction on the effect of circumstantial evidence should not be included. The type of "circumstantial evidence" instruction spoken to in *Holland* was the following:

> "(W)here the Government's evidence is circumstantial it must be such as to exclude every reasonable hypothesis other than that of guilt." *Id.* at 139, 75 S.Ct. at 137.

The Supreme Court in *Holland* recognized that there was support for such an instruction, but stated that the "better rule" was that "(W)here the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect." (citations omitted) *Id.* at 139–140, at 137 of 75 S.Ct. This Court, has followed the instruction of the Supreme Court in *Holland*, on a number of occasions. *See, e. g.,* United States v. Smith, 462 F.2d 456, 462 at n. 4 (8th Cir. 1972); United States v. Fryer, 419 F.2d 1346, 1350 (8th Cir.), cert. denied, 397 U.S. 1055, 90 S.Ct. 1399, 25 L.Ed.2d 672 (1970); United States v. Francisco, 410 F.2d 1283, 1290 (8th Cir. 1969). However, we deem it unnecessary to decide whether the giving of such a "circumstantial evidence" instruction along with one on reasonable doubt would possibly be plain error or not in this matter because the instruction given by the trial court herein by no means infringes upon the rule enunciated in *Holland*. The "reasonable hypothesis" instruction rejected by the Supreme Court is not the same instruction in either substance or form as the one given by the district court in this case, nor was such a "reasonable hypothesis" instruction given by the trial judge in any other portion of the charge. The instruction presently attacked by appellant merely informs the jury that the element of intent may be proved by circumstantial evidence. This is an accurate statement of the law. *See, e. g.,* Gay v. United States, 408 F.2d 923, 929 (8th Cir.), cert. denied, 396 U.S. 823, 90 S.Ct. 65, 24 L.Ed.2d 74 (1969); Jackson v. United States, 330 F.2d 679, 681 (8th Cir.), cert. denied, 379 U.S. 855, 85 S.Ct. 105, 13 L.Ed.2d 58 (1964) (holding that "knowledge and intent, because of their nature, must largely be proved by circumstantial evidence."); Wiley v. United States, 257 F.2d 900, 906 (8th Cir. 1958) (Woodrough, J.). Not only does such a statement accurately reflect the law, but an instruction identical to the one given herein has been before this Court on prior occasions and given approval by us. Aron v. United States, 382 F.2d 965, 975 n. 3 (8th Cir. 1967). *See, e. g.,* United States v. Wilkinson, 460 F.2d 725, 729–730 (5th Cir. 1972) (instruction with almost identical lan-

---

1. THE COURT: Gentlemen, are there any exceptions or objections to the instructions as given?

MR. REAP: Government has none, Your Honor.

MR. HAMPE: Your Honor, the record may show the defendant has no objections to the instructions as given.

guage, but including a more controversial portion not present herein); Louie v. United States, 426 F.2d 1398, 1402 (9th Cir.), cert. denied, 400 U.S. 918, 91 S.Ct. 180, 27 L.Ed.2d 158 (1970) (holding that an instruction which said the jury should determine intent from all circumstances in the case, was correct). *Cf.* Stewart v. United States, 395 F.2d 484, 492 (8th Cir. 1968) (holding that an instruction that "knowledge may be proved by defendant's conduct and all the facts and circumstances surrounding the case" was a stock instruction and not erroneous). In light of the fact that the Court is satisfied that the "intent" instruction was not erroneous and that *Holland* is not apposite in this matter, we are convinced that the jury was properly instructed on the applicable law with no prejudice accruing to appellant.

## ARGUMENT OF PROSECUTOR

The contention of appellant regarding this aspect of his appeal is that the prosecutor argued matter on rebuttal in his summation to the jury that was not argued in the first portion of his final argument, thereby preventing the appellant from replying to that argument. It is contended that this was prejudicial in light of the fact that the prosecutor, on rebuttal, referred to various alleged statements or admissions of appellant. This position is without merit.

■ First, appellant's trial attorney failed to object or raise any issue at trial as to the impropriety of the prosecutor's argument. The failure to timely object to an improper argument of government counsel precludes its assertion as error on appeal in the absence of plain error. As this Court stated in Petschl v. United States, 369 F.2d 769, 773 (8th Cir. 1966):

"('T)he power of a reviewing court to consider a question first presented on appeal is an exception to the rule that such a court will not consider errors not objected to at the trial. A trial judge ordinarily should not be held to have erred in not deciding cor-

rectly a question that he was never asked to decide.'" (citations omitted) *See, e. g.,* United States v. Goldenstein, 456 F.2d 1006, 1011–1012 (8th Cir. 1972); United States v. Brager, 455 F. 2d 217, 219 (8th Cir. 1972); Tanner v. United States, 401 F.2d 281, 289–290 (8th Cir. 1968), cert. denied, 393 U.S. 1109, 89 S.Ct. 922, 21 L.Ed.2d 806 (1969); Terlikowski v. United States, 379 F.2d 501, 511 (8th Cir.), cert. denied, 389 U.S. 1008, 88 S.Ct. 569, 19 L.Ed.2d 604 (1967).

■ We have examined the argument and the record in detail and seriously question whether any error at all was committed, let alone the type that would merit invocation of the plain error rule to prevent a miscarriage of justice. The rebuttal of the prosecutor was confined to two areas, the entrapment issue and the issue of the credibility of the informant involved, one Mitchell. Both of these areas were spoken to with vigor in the defense counsel's argument preceding the prosecutor's rebuttal. Thus, appellant's contention of error in failing to follow the rule enunciated in the case of Moore v. United States, 344 F.2d 558, 560 (D.C.Cir. 1965), that the government counsel should generally not be allowed to develop new arguments on rebuttal but should answer those propounded by defense counsel, is certainly without merit.

Furthermore, after a careful review of the context in which the so-called "statements" or "admissions" of appellant were brought up by the prosecutor on rebuttal, the claim of impropriety and prejudice is not persuasive. The rebuttal argument of the prosecutor was concerned with only two areas—the credibility of the informant, Mitchell, and the defense of entrapment. In the rebuttal, the prosecutor attempted to explain what the appellant was saying when he put forth said defense.

"I submit that an instruction will be given to you by Judge Webster on the defense of entrapment. Now basically what that is, is in a sense that John

Lawson, the defendant, is saying, 'I was tricked, I was not predisposed to sell heroin, I didn't want to sell heroin.'" (Transcript at p. 129.)

This certainly was argument only by way of explanation and did not purport to be an actual alleged statement of appellant. The prosecutor went on to rebut the entrapment defense by commenting on the evidence given by the informant, Mitchell.

"Let's talk about Ed Mitchell's testimony a little. Ed Mitchell says on May 22nd he goes in that house and he comes right out five minutes later. His testimony about the conversation inside, John says: 'What's going on?' Something like that, and Ed Mitchell said, 'I want to buy some stuff.'" (Transcript at p. 129.)

A careful reading of the testimony does indicate Mitchell did not testify that appellant said those exact words, but he clearly did converse with Mitchell according to the uncontroverted testimony. Either way this comment was certainly not prejudicial to appellant.

 The only remaining "statement" that the prosecutor referred to in his rebuttal was again related to the entrapment defense.

"On July 11th, Ed Mitchell testified that prior to going out there he went to Dennis Harker and said, 'I've got a deal set up with John Lawson.' This indicates that John has said, 'Okay, come on over to me.'" (Transcript at 130.)

It is important to note that the prosecutor is clearly not saying that appellant made that statement. He is only arguing that the evidence would support a reasonable inference or would "indicate" that appellant had the predisposition to deliver the heroin to Mitchell and that he was, therefore, not entrapped. As stated in Wakaksan v. United States, 367 F.2d 639, 646 (8th Cir. 1966), cert.

denied, 386 U.S. 994, 87 S.Ct. 1312, 18 L.Ed.2d 341 (1967):

"The arguments of counsel must be confined to the issues of the case, the applicable law, pertinent evidence, and such legitimate inferences as may properly be drawn therefrom. When confined to the evidence or reasonable inferences, the arguments of counsel are not to be too narrowly limited." (citations omitted)

It is clear that the prosecutor was only presenting by way of argument what the jury could reasonably infer from the facts and circumstances to have been going through appellant's mind at that time in terms of predisposition and thus the rebuttal was only a legitimate comment on the evidence and the reasonable inferences that could be drawn therefrom. The cases cited by appellant, United States v. Cotter, 425 F.2d 450, 453 (5th Cir. 1970) and United States v. Spangelet, 258 F.2d 338, 342 (2d Cir. 1958), are not apposite to the present case. In both of those cases, the prosecutor's summation contained statements regarding his own *personal* knowledge of certain facts or of inferences that he *personally* drew. It is interesting to note that in *Cotter* the defendant also failed to object, and therefore the Court did not find the argument prejudicial or plain error.

 A trial judge is under no duty to admonish the jury to disregard closing remarks of the prosecutor in the absence of anyting offensive or prejudicial, United States v. White, 456 F.2d 1021, 1022 (8th Cir. 1972), and this Court has recently indicated that broad discretion is reposed in the trial court to control closing argument. Bryant v. United States, 462 F.2d 433, 436 (8th Cir. 1972).

For the foregoing reasons, the judgment of conviction is affirmed.