UNITED STATES of America

v.

Billy Ray LEE.

Cr. No. 3–74–15.

United States District Court,
E. D. Tennessee, N. D.

June 20, 1974.

---

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for plaintiff.

John F. Dugger, Bacon, Dugger & Jessee, Morristown, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an appeal from a conviction under Title 49 U.S.C. § 1472(l)[1] before the United States Magistrate, at Knoxville, Tennessee. Jurisdiction is invoked under Title 18 U.S.C. § 3402.

The defendant was arrested after a loaded .38 caliber pistol was discovered in his briefcase during a routine search of his person and carry-on luggage as he attempted to board a commercial air carrier on January 17, 1974, for a flight from Knoxville, Tennessee. At trial, it was established that defendant owned a nightclub and also a poolroom in Morristown, Tennessee, and shortly after midnight on the same day of his arrest had placed the pistol in his briefcase along with money receipts from his enterprises. The briefcase also contained mail, bills, records, and advertisements. Later, defendant went home and removed some of the money from the briefcase and went to bed about 3:00 or 3:30 A.M.

The next morning, defendant was somewhat late in arriving for his flight and had hurried to the airport. The pistol was discovered in his briefcase by a security guard at about 1:15 or 1:20 P.M. during a routine boarding search.

The defense asserted at trial and on this appeal is that defendant did not know at the time he attempted to board the aircraft that there was a pistol in his briefcase. The Magistrate found defendant guilty and fined him $1,000.00 and suspended a nine (9) month prison sentence. It was the Magistrate's opinion that defendant would be guilty of the crime regardless of his knowledge as to the presence of the pistol in his briefcase. The Magistrate's specific finding on that issue, however, remains unclear.

". . . I am concerned and influenced considerably by the position expressed by counsel for the defendant that the conduct of the defendant was largely in ignorance upon the date of the offense. And I am persuaded that his possession of the weapon while in violation of the law was *probably* under that phase that we commonly refer to as ignorance . . . not ignorance of the law because he was certainly aware of the provisions of the law but ignorant of the fact that he was in possession at that particular moment of the weapon." (Emphasis added) Page 4, Transcript of Proceedings at Sentencing.

It is the opinion of the Court that, in view of the Magistrate's failure to specifically find whether or not defendant knew the pistol was in his briefcase when he attempted to board the aircraft, this case must be remanded for further consideration and findings on that issue.[2]

██ Should the Magistrate find that defendant was ignorant of the fact that the pistol was in his briefcase when the search occurred, then the Magistrate

---

1. 49 U.S.C. § 1472(l) provides in pertinent part:
   ". . . whoever, while aboard an aircraft being operated by an air carrier in air transportation, has on or about his person a concealed deadly or dangerous weapon, or whoever attempts to board such an aircraft while having on or about his person a concealed deadly or dangerous weapon, shall be fined not more than $1,000 or imprisoned not more than one year, or both."

2. In appellant's brief at page 1, the following is set forth in the Statement of the Case: "The Magistrate held that knowledge and intent were not necessary ingredients of the crime charged." Appellee accepted the statement of the case as set forth by appellants, but, of course, this Court is not bound by the parties' interpretation of the Magistrate's findings.

must find defendant not guilty of the offense charged. Subsection (*l*) of Title 49 U.S.C. § 1472 states specifically that defendant must attempt to board an air carrier "while having on or about his person a *concealed* deadly or dangerous weapon." (Emphasis added.) It has long been held that concealment of contraband in a legal sense is a knowing concealment and not the mere fact that the contraband is found in the possession of the defendant. United States v. 350 Chests of Tea, 25 U.S. (12 Wheat.) 486, 492, 6 L.Ed. 702 (1827); United States v. Powell, 420 F.2d 949, 950 (6th Cir. 1970).

Moreover, a serious question of due process of law would be raised if a person could be convicted under subsection (*l*) on the theory that any person presenting himself and his carry-on luggage for boarding inspection would be held strictly accountable for whatever may have been inadvertently left in his carry-on luggage or even might have been surreptitiously placed there by the act of another, for whatever reason. Subsection (*l*) does not itself specify the requisite criminal intent of the crime and the case law on this point is rather meager. Appellee cites United States v. Dishman, 486 F.2d 727 (9th Cir. 1973), rehearing denied Dec. 5, 1973, and United States v. Margraf, 483 F.2d 708 (3rd Cir. 1973, vacated 414 U.S. 1106, 94 S. Ct. 833, 38 L.Ed.2d 734, for the proposition that subsection (*l*) does not require specific criminal intent. Both cases are distinguishable from the present case in that the defendants in those cases were aware when they submitted to a boarding search that they had in their possession the alleged contraband. In United States v. Freed, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971), the Court held that specific knowledge that handgrenades were unregistered was not necessary to support a conviction under the National Fire Arms Act where defendant receives or possesses such contraband. 401 U.S. at 607, 91 S.Ct. 1112. Mr. Justice Brennan concurring pointed out, however, that regardless of the lack of a requirement of specific intent "[t]he Government and the Court agree that the prosecutor must prove knowing possession of the items. . ." 401 U. S. at 612, 91 S.Ct. at 1120. Thus, it would seem clear that under subsection (*l*) the knowing possession of the contraband as distinguished from knowledge of its illegal character must be viewed as an element of the crime stated by that section. See, United States v. Renner, 496 F.2d 922 (6th Cir., 1974).[3]

This Court has taken notice of the testimony of the defendant at trial and believes that defendant's assertions of forgetfulness as to the presence of the handgun in his briefcase strain credulity at best. This is especially true since the defendant had placed the handgun there on the same day of his arrest. Moreover, as a previously convicted felon, defendant admitted that he could not obtain a permit to carry the gun and this would also seemingly make him mindful of its presence in his briefcase. On remand, the Magistrate is instructed to carefully consider these factors and others in the determination of whether or not the defendant had knowing possession of the pistol when he submitted to the boarding search.

Accordingly, it is ordered that this case be, and same hereby is, reversed and remanded to the United States Magistrate for proceedings consistent with this opinion.

---

3. This Court is convinced that drawing this distinction between knowing possession of contraband as opposed to knowledge that such contraband is illegal is in no way at odds with previous decisions holding that subsection (*l*) is not a specific intent statute.