**UNITED STATES of America,**
**Plaintiff,**

v.

**Robert Frey PARKER, Defendant.**
**No. 75–105CR(3).**

United States District Court,
E. D. Missouri, E. D.
Sept. 8, 1975.

Donald J. Stohr, U. S. Atty., Melvin R. Horne, Assistant U. S. Atty., St. Louis, Mo., for plaintiff.

Stephen D. Hoyne, Amelung, Wulff & Willenbrock, St. Louis, Mo., for defendant.

## MEMORANDUM AND ORDER

WANGELIN, District Judge.

This matter is before the Court for a decision on the merits. The defendant, Robert Frey Parker, has waived his right to a jury trial, and consented to a trial based upon evidence adduced at the Court's hearing on pre-trial motions, and additional filed stipulations of fact. The defendant is charged with conspir-

ing to violate §§ 841(a)(1) and 846 of Title 21, United States Code.

The Court being fully apprised of the premises hereby makes the following findings of fact and conclusions of law.

### Findings of Fact

1. Some time prior to February 7, 1975, defendant Parker and a Kenneth Ray Hastings agreed and made arrangements together for the shipment of one hundred thousand (100,000) amphetamine tablets from El Cajon, California, to St. Louis, Missouri.

2. On approximately Wednesday, February 5, 1975, Kenneth Ray Hastings contacted John Wayne Walster by telephone at his residence in Festus, Missouri, and arranged for Walster to pick up the shipment of tablets mentioned in Finding of Fact No. 1 above at the Lambert St. Louis International Airport for a One Hundred Dollar ($100.-00) fee. John Wayne Walster subsequently engaged Gary Michael Winfield to assist him for a Fifty Dollar ($50.00) fee.

3. On or about Thursday, February 6, 1975, Kenneth Ray Hastings confirmed Walster's participation and relayed this information by telephone to defendant Parker.

4. On approximately Friday, February 7, 1975, defendant Parker shipped a package bearing cargo receipt no. 001SAN7641830 via American Airlines Flight No. 390 to St. Louis, Missouri.

5. That package bearing the receipt no. listed in Finding of Fact No. 4 was a white cardboard box measuring approximately 12 x 12 x 12 inches in size, secured with black tape and addressed to John Walster with instructions to hold at airport, St. Louis, Missouri. The word "glass" appeared on the box and a return address appeared as follows: R. Parker, 1210 Petree, El Cajon, California.

6. The package described by the aforementioned receipt number was later determined to contain approximately one hundred thousand (100,000) amphetamine tablets.

7. Defendant, Robert Frey Parker, resided at 1210 Petree, Apartment No. 297, El Cajon, California.

8. At approximately 6:57 P.M., central standard time, on February 7, 1975, Kenneth Ray Hastings telephoned the American Airlines Freight Information in St. Louis, and inquired about the arrival of a package bearing cargo receipt number 001SAN7641830.

9. On or about February 7, 1975, at approximately 7:00 P.M., Kenneth Ray Hastings telephoned John Wayne Walster at his Festus, Missouri, residence and advised Walster of the arrival of the package.

10. At approximately 8:30 P.M. on February 7, 1975, John Wayne Walster and Gary Michael Winfield were arrested in possession of a package bearing American Airlines cargo receipt no. 001SAN7641830, which as stated above was subsequently determined to contain approximately one hundred thousand (100,000) amphetamine tablets, a Schedule II Controlled Substance.

11. Pursuant to an arrest warrant issued in conjunction with the present lawsuit, defendant Parker was arrested on the 1st of April, 1975. During a search of his vehicle, a ledger book containing telephone numbers listed in the name of Debra Hastings, wife of Kenneth Hastings, in Crystal City, Missouri, (the Festus, Missouri, telephone exchange), were discovered.

*Conclusions of Law*

■ Defendant Parker asserts that the amphetamine tablets seized at the St. Louis International Airport cannot be used as evidence against him since the search and seizure were purportedly unconstitutional. Under the holding of *Brown v. United States*, 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973), it is obvious that defendant Parker has no standing to contest the seizure of evidence.

■ An objection has also been made by defendant Parker to the evidence seized from his car during his arrest pursuant to a valid arrest warrant. That evidence contained the telephone number of Debra Walster, wife of John Wayne Walster. Since a search in this case was incident to a valid arrest, the officers searching the vehicle are entitled to seize those items which are in plain view, as was the telephone notebook in this instance. *Cardwell v. Lewis*, 417 U.S. 583, 94 S.Ct. 2464, 41 L.Ed.2d 325 (1974); and *United States v. Soriano*, 497 F.2d 147 (5th Cir., 1974).

■ After careful consideration of the facts presented to this Court, this Court is of the opinion that the facts prove that the defendant, Robert Frey Parker, did indeed commit the acts described in Count I of the indictment, and in violation of §§ 841(a)(1) and 846 of Title 21, United States Code. *United States v. Lawson*, 483 F.2d 535 (8th Cir., 1973). In consequence, the Court finds Robert Frey Parker GUILTY beyond a reasonable doubt of the offense charged in Count I of the indictment.