**UNITED STATES of America, Appellee,**

**v.**

**Stephen Ray MITCHELL, a/k/a James Alexander Mitchell, Appellant.**

**No. 77–1171.**

United States Court of Appeals,
· Eighth Circuit.

Submitted June 14, 1977.
Decided July 27, 1977.

---

BRIGHT, Circuit Judge.

Stephen Ray Mitchell appeals from his conviction upon a jury trial of willfully and knowingly transporting in interstate commerce a stolen motor vehicle in violation of 18 U.S.C. § 2312,[1] and of willfully and knowingly concealing a stolen motor vehicle in violation of 18 U.S.C. § 2313.[2] Mitchell was sentenced to four years in prison on count I, and three and one-half years' probation on count II, to be served consecutively. We affirm.

Appellant Mitchell, driving a 1974 Lincoln Continental automobile, was stopped by police in Boone County, Missouri, about 120 miles east of Kansas City, in the early morning hours of November 23, 1976, as he was proceeding east on Interstate Highway No. 70. A young man identifying himself as Jasper Coulter accompanied Mitchell in the vehicle. Observing that the license plate was affixed to the car with a "wrong size bolt" and a "tree branch," the police officers checked the license plate number and discovered that the license was assigned to a 1972 Ford. The two police officers who stopped Mitchell testified that he gave varying accounts of the ownership of the car and the license plate, telling one officer that the car belonged to his mother and the license to his mother's friend "Oscar," while telling the other officer that "Oscar" owned the car and that the license was his mother's. Police arrested Mitchell and his passenger, but later released the passenger.

The record establishes that the Lincoln automobile had been stolen sometime between 9:00 p. m. on November 22, 1976, and 7:00 a. m. on November 23rd, from an auto dealer in Kansas City, Kansas. At the time of the theft, the car carried no license plates. A salesman at the dealership testi-

Thomas M. Bradshaw, Asst. Federal Public Defender, Kansas City, Mo., argued and on brief, for appellant.

Bert C. Hurn, U.S. Atty., and Kenneth Josephson, Asst. U.S. Atty. (argued), Kansas City, Mo., on brief, for appellee.

Before BRIGHT, STEPHENSON and HENLEY, Circuit Judges.

1. 18 U.S.C. § 2312 reads:
    Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

2. 18 U.S.C. § 2313 reads:
    Whoever receives, conceals, stores, barters, sells, or disposes of any motor vehicle or aircraft, moving as, or which is a part of, or which constitutes interstate or foreign commerce, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

fied that he twice saw Mitchell examining the Lincoln automobile during business hours on November 22nd. The license plates found attached to the Lincoln automobile had been stolen from another car in Kansas City, Kansas.

Mitchell raises the following four issues on this appeal. First, the district court erred in admitting testimony by police officers about a map found in Mitchell's shoe at the time of his arrest. Second, the district court erred in admitting testimony about Mitchell's silence after being accused of giving false information to the police. Third, the evidence was insufficient to support a verdict of guilty on count II, the concealment charge. Fourth, the trial court erred in instructing the jury that it might infer guilty knowledge from the unexplained possession of recently stolen property, because the evidence in this case did not justify the giving of such an instruction.

I. *Admissibility of Evidence.*

■ Appellant Mitchell contends that a police officer's testimony that a map was found in Mitchell's shoe at the time of his arrest was irrelevant, and thus inadmissible under Federal Rule of Evidence 402. The district court directed the prosecutor not to make further reference to the map, but refused to grant a mistrial because of the testimony. The judge also refused to give a cautionary instruction to the jury, stating that to do so would "simply be placing something in the jury's mind that is not now there."

The district judge has broad discretion in ruling on the relevance of evidence. Assuming, for purposes of argument, that the district court abused its discretion in declining to exclude this testimony, the error was harmless. We also believe that the district court clearly did not abuse its discretion by overruling appellant's mistrial motion and refusing a cautionary instruction. The brief reference to a hand-drawn

map found in Mitchell's shoe was made only once on direct examination, and thereafter the trial court barred the prosecutor from further inquiry relating to the map. Under these circumstances, the admission of the statement was not so prejudicial as to require a mistrial. *See, e. g., United States v. Graham,* 548 F.2d 1302, 1313 (8th Cir. 1977); *United States v. Quinn,* 543 F.2d 640, 649 (8th Cir. 1976). Similarly, the judge's refusal to give a cautionary instruction, out of concern that such an instruction would emphasize the issue in the minds of jurors, did not constitute an abuse of the court's discretion.

■ Mitchell contends that the district court also erred in permitting a police officer to testify that Mitchell remained silent when police accused him of giving false information. The day after his arrest, Mitchell signed a waiver of his *Miranda* rights and submitted to questioning by police. A police officer testified that when he asked Mitchell about his destination at the time of his arrest, Mitchell answered that he was going to St. Louis to attend the funeral of a homicide victim, Jesse Owens. The officer then, in Mitchell's presence, called the St. Louis police department and was informed that there had been no homicide victim by the name of Jesse Owens. The officer testified that when he confronted Mitchell with this information, Mitchell remained silent.

Mitchell objected to the testimony at trial on grounds of relevancy, and now argues, on the basis of *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), and *United States v. Hale,* 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975), that a defendant's post-arrest silence after receiving *Miranda* warnings is inadmissible at trial.[3] The district court overruled Mitchell's objections, pointing out that Mitchell had voluntarily given police a false statement of his reason for being on the highway, and that when confronted with a claim of false-

---

**3.** The Supreme Court cases cited by appellant do not reach the issue of whether testimony about a defendant's post-arrest silence violates the defendant's right to remain silent under

*Miranda.* That issue is not raised here, presumably because Mitchell signed a written waiver of his *Miranda* rights.

hood, a person in Mitchell's situation would normally be expected to make some further statement or explanation. Thus, the failure to explain could be considered by the jury as bearing upon Mitchell's guilt.

False exculpatory statements are admissible at trial as tending to indicate guilt, *United States v. Merrill,* 484 F.2d 168, 170 (8th Cir.), *cert. denied,* 414 U.S. 1077, 94 S.Ct. 594, 38 L.Ed.2d 484 (1973). Mitchell's silence when confronted with the apparent falsity of his statements serves to support the same ultimate inference as the making of a false story, *i. e.,* that Mitchell lied to cover up the fact that he had been fleeing Kansas City in a stolen car. Thus, the testimony about his silence is also admissible.

*United States v. Hale, supra,* and *Doyle v. Ohio, supra,* are inapposite. The Supreme Court held in *Hale* that the prosecutor's inquiry at trial into the defendant's post-arrest silence was "not very probative of [Hale's] credibility," and was prejudicial in light of the defendant's exculpatory testimony. *United States v. Hale, supra,* 422 U.S. at 180, 95 S.Ct. at 2138. Similarly, in *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), two defendants were cross-examined at trial about their failure to have told their exculpatory story to the police after receiving *Miranda* warnings at time of arrest. In *Doyle,* the Court said that post-arrest silence following *Miranda* warnings is ambiguous, and held that it was fundamentally unfair and therefore violative of due process for the prosecutor to use a defendant's post-arrest silence to impeach the defendant's exculpatory testimony at trial.

The *Hale* and *Doyle* cases are inapplicable because in those cases the defendants, exercising their constitutional rights, chose not to speak to police. Appellant Mitchell, however, signed a written waiver of his *Miranda* rights, and voluntarily made statements to police.

## II.  *Sufficiency of Evidence.*

■ Appellant Mitchell contends that the evidence against him on count II, willful

and knowing concealment of a stolen car, was insufficient for conviction. We disagree.

When Mitchell was arrested, he was driving a stolen car with license plates attached that had been stolen from another car. It has been held that possession of a stolen vehicle with license plates attached that do not belong on the vehicle is sufficient evidence to convict the possessor of "concealment" in violation of 18 U.S.C. § 2313. *United States v. Pichany,* 490 F.2d 1073, 1075 (7th Cir. 1973) (dictum); *United States v. Ward,* 433 F.2d 1299, 1300–01 (6th Cir. 1970); *United States v. Brady,* 425 F.2d 309, 312 (8th Cir. 1970); *United States v. Thompson,* 422 F.2d 1104, 1108–09 (6th Cir. 1970), and *Phillips v. United States,* 206 F.2d 923, 924 (10th Cir. 1953). *See also United States v. Folsom,* 479 F.2d 1, 3–4 (8th Cir. 1973); *United States v. Powell,* 420 F.2d 949 (6th Cir. 1970). *Cf. United States v. Casey,* 540 F.2d 811, 815–16 (5th Cir. 1976) (verbal denial of theft insufficient to prove concealment).

Mitchell argues that, because another person was a passenger in the stolen car, the Government failed to prove that Mitchell was the only person who could have affixed the stolen license plates to the car. But this argument cannot prevail in light of the evidence of Mitchell's possession of the stolen car. Evidence about Mitchell's examination of the vehicle at the owner's place of business, his driving of the car at the time of arrest, and his false explanations of the vehicle's ownership and licensing all support reasonable inferences of Mitchell's guilt. *United States v. Jackson,* 549 F.2d 517, 529 (8th Cir. 1977).

## III.  *Instructions.*

■ Finally, Mitchell contends that the evidence of possession in this case was insufficient to support the district court's jury instruction that "possession of property recently stolen, if not satisfactorily explained, is ordinarily a circumstance from which you, the jury, may reasonably draw * * * inference[s] * * * " of guilty knowledge and the act of transport. Mitch-

ell argues that because another person, Jasper Coulter, was in the car when Mitchell was arrested, no evidence supports the hypothesis that Mitchell was in "sole and exclusive" possession of the vehicle, and thus the trial court gave an improper instruction. Moreover, Mitchell contends the instruction was improper because his possession was not "unexplained." Mitchell's sister had testified that Jasper Coulter picked Mitchell up at her apartment a few hours before the arrest. We also disagree with these contentions.

The evidence of possession here adequately supported the challenged instruction. Mitchell was driving the car when he was arrested, and he told police that the car belonged to his mother and to his mother's friend, implying that he possessed it with their permission. As for Mitchell's "explanation" at trial furnished by his sister's testimony, it is sufficient to note that the challenged instruction permits the inference of guilt only from unexplained possession of recently stolen property. "[T]he mere fact that there is some evidence tending to explain a defendant's possession consistent with innocence does not bar instructing the jury on the inference." *Barnes v. United States,* 412 U.S. 837, 845 n. 9, 93 S.Ct. 2357, 2362, 37 L.Ed.2d 380 (1973). It is for the jury to decide whether the explanation was adequate to negate the inference.

Affirmed.