GILMAN, Circuit Judge,
dissenting:
I agree with the majority’s analysis on all but the following two issues: (1) whether the district court abused its discretion by refusing Maloney’s request to respond in a surrebuttal to the government’s “lack-of-luggage” argument that was raised for the first time during rebuttal; and (2) if so, whether that error warrants a new trial. Contrary to the majority, I believe that the answers to these two questions should be “yes.” I therefore respectfully dissent.
I. The district court abused its discretion
The lack-of-luggage argument played a prominent role in the government’s rebuttal during closing arguments. As part of his rebuttal, the prosecutor asserted for the first time that Maloney must have been lying about the purpose of his trip between the California cities of El Centro and Blythe because there was no luggage found in the truck when it was stopped at the Highway 78 Border Patrol checkpoint. The prosecutor made this lack-of-luggage argument despite the fact that there was no evidence presented at trial to establish whether Maloney did or did not have luggage during the trip.
Emphasizing the new lack-of-luggage argument, the prosecutor began his rebuttal by describing a scene from A New Good Men, a movie about a murder trial. In the scene described, an attorney played by Tom Cruise argued that he could prove that certain Marine officers had lied when they testified that the victim — who had died in the middle of' the night — was scheduled to permanently leave the naval base at Guantanamo Bay early the next morning because there was no evidence that the victim had packed any of his belongings.
The prosecutor in the present case urged the jury to think about the evidence that was not presented, just like Tom Cruise had done in the movie:
Which comes to the final thing that is not there. And when I tell you this, you will realize why I remembered the scene in A New Good Men.
Remember the testimony [of Maloney]: I met Mr. Hernandez. He wanted me to drive. I have this truck that has the long-haul capacity. I can drive a long way. I can sleep in the back. But I tell you what, I can only limit it to 10 or 11 days because of my personal situation.

And the final thing that is not there: luggage. Where is his stuff?

I [ (speaking as Maloney) ] am going to — I know that I have long-haul capabilities for 10 to 11 days. I go with this Clorox to Las Vegas. I spend the night in Las Vegas. I get a call[;] I got to go to El Centro. I have two days in ■ El Centro.

Where is his stuff?

*1150 Where is his stuff? Knowing it was going to be 10 days — knowing that he could go up to 10 days, he has the sleeping accommodations.
Because remember what is missing, among other things: luggage. If he didn’t have any luggage — or if he had luggage, then the possibility would have been, I got to put it somewhere. And he put it — where would he put it? He would put it on the bed or on that top shelf [where the marijuana was located].
Ladies and Gentlemen, the evidence here shows the defendant knew exactly what he was doing. That his versions of the events are not true, they are not reasonable, they make no sense. And that someone would not [sic] hire him and then risk the discovery by just putting [the marijuana] up on a shelf; when, if the defendant had luggage, that is where he would put it.
(Emphasis added.)
The government concedes that it never raised this argument before its rebuttal summation. And the prosecutor admitted to this court, in the following colloquy at oral argument, that he “sandbagg[ed]” Maloney by withholding the lack-of-luggage argument until rebuttal, when Maloney had no opportunity to respond:
Judge Gilman: Alright, then why didn’t you raise this [lack-of-luggage] argument in your first argument on summation?
Assistant U.S. Attorney, Steve Miller: Because I don’t believe that I needed to. Judge Gilman: Aren’t you sandbagging a bit — to wait for rebuttal?
Miller: Yes I was.
Put simply, the government held back the lack-of-luggage argument for rebuttal when the argument could have, and should have, been made earlier in the trial. See United States v. Taylor, 728 F.2d 930, 937 (7th Cir.1984) (holding “that a prosecutor cannot use rebuttal to put forth new arguments, but is restricted to responding to the points made by the defense counsel in closing argument”).
The majority excuses the government’s belated argument by reasoning that defense counsel “opened the door to argument addressing the credibility and believability of Maloney and his story.” (Maj. Op. at 1144) But the open-the-door exception makes sense only if the door was unexpectedly opened for the first time during the defendant’s closing argument. See United States v. Rubinson, 543 F.2d 951, 966 (2d Cir.1976) (holding that defense counsel, by pointing out gaps in the government’s proof that the government would “have been expected to negate previously,” did not open the door to the government’s reference to new facts on rebuttal that “it could have, but did not, introduce at trial”). The government should not be able to take advantage of this exception when it had ample notice of the defendant’s credibility argument.
In this case, Maloney’s main defense throughout the trial was to demonstrate his propensity for truthfulness. He called two character witnesses to testify to just that. And we have the government’s concession that its failure to raise the lack-of-luggage argument earlier was part of its strategy to “sandbag” Maloney, not because it was surprised by any contentions made by Maloney’s counsel in closing argument.
The lack-of-luggage argument, moreover, was improper not just because it was raised for the first time on rebuttal. It was also improper because, in contrast to the information regarding the insurance certificate, drivers permit, trip log, and cargo manifest (which the prosecutor also presented in his rebuttal summation), the *1151 lack-of-luggage argument had no foundation in the record. See United States v. Gray, 876 F.2d 1411, 1417 (9th Cir.1989) (noting that “it is improper to base closing arguments upon evidence not in the record”).
This crucial distinction is not addressed by the majority. Instead, the majority concludes that, “even though defense counsel’s closing argument did not expressly mention the date of the insurance certificate, drivers permit, trip log, cargo manifest, or luggage, defense counsel opened the door to that information being presented in the prosecutor’s rebuttal summation by basing its argument on the proposition that the Government had not cast doubt on Maloney’s credibility and not shown him to be a liar.” (Maj. Op. at 1145) The majority then flatly states that “[t]he specific content of the prosecution’s arguments are red herrings” because “[djefense counsel opens the door to topics or issues, not specific facts.” (Id. at 1145)
But the case cited by the majority in support of that statement, United States v. Lawson, 483 F.2d 535 (8th Cir.1973), stands only for the proposition that, “[w]hen confined to the evidence or reasonable inferences [drawn therefrom], the arguments of counsel are not to be too narrowly limited.” Id. at 539 (internal quotation marks omitted). Lawson has nothing to say about closing arguments that are not confined to the evidence in the record or reasonable inferences drawn there-from. Under Ninth Circuit caselaw, those arguments are improper, Gray, 876 F.2d at 1417, and the majority fails to explain why a rebuttal argument fashioned from whole cloth (regarding the lack of luggage) should be treated the same as ones based on facts in the record (regarding the insurance certificate, drivers permit, trip log, and cargo manifest).
A brief hypothetical example reveals the flaw in the majority’s reasoning. Suppose that the prosecutor in this case had mentioned for the first time during rebuttal, despite the lack of supporting evidence, that Maloney had broken his marriage vows and cheated on his tax returns. Under the majority’s rule — that “defense counsel opens the door to topics or issues, not specific facts” — this argument would presumably be permissible because it bears on the “issue” of Maloney’s credibility. But any such rebuttal argument would surely be improper. I do not think that this court should adopt a rule that, when taken to its logical conclusion, leads to such obviously incorrect results.
The majority later concludes that “the district court did not abuse its discretion in determining that the Government’s rebuttal argument regarding Maloney’s lack of luggage was a permissible inference from the record” because “the prosecution’s inference that the trip necessitated luggage was ‘certainly within the bounds of fair advocacy.’ ” (Maj. Op. at 1147 (quoting United States v. Blueford, 812 F.3d 962, 968 (9th Cir.2002))) But the prosecutor did not simply infer that the trip necessitated luggage; he also repeatedly stated that Maloney did not in fact have any luggage — an argument that is based on absolutely no record evidence. I therefore fail to see how “there was support for the inference that could be drawn from facts in the record.” (Maj. Op. at 1147 (internal quotation marks omitted)) In sum, I believe that the district court abused its discretion in denying Maloney an opportunity to respond to the government’s improper lack-of-luggage argument.
II. The district court’s error was not harmless
The majority reasons in the alternative that even if the district court abused its discretion by prohibiting a surrebuttal by Maloney’s counsel, that error was harmless. But I believe the district court’s error warrants a new trial. When a dis *1152 trict court abuses its discretion, a new trial is warranted if “it is more probable than not that the prosecutor’s conduct materially affected the fairness of the trial.” United States v. Reyes, 660 F.3d 454, 461 (9th Cir.2011) (internal quotation marks omitted).
This court’s decision in Hein v. Sullivan, 601 F.3d 897 (9th Cir.2010), lists the following factors that we may consider in determining whether a prosecutor’s improper argument requires a new trial:
• whether the prosecutor misstated the evidence;
• whether the judge admonished the jury to disregard the improper argument;
• whether defense counsel opened the door to the improper argument;
• whether defense counsel had adequate opportunity to rebut the argument; and
• the prominence of the argument in the context of the entire trial and weight of the evidence.
Id. at 912-13. Furthermore, an improper argument made during rebuttal is all the more effective because the defense is given no chance to refute it. See United States v. Sanchez, 659 F.3d 1252, 1261 (9th Cir.2011) (“[T]he prosecutor presented the [improper] ‘send a memo’ rhetoric during his rebuttal, thus ensuring that it was the last argument the jury heard before going to the jury room to deliberate. This timing increased the risk that the inflammatory statement would improperly influence the jurors.”).
Applying these principles to the facts of the present case, I believe that the district court’s error is serious enough to warrant a new trial. All the Hein factors indicate that the prosecutor’s improper argument was likely to have adversely affected the fairness of Maloney’s trial. Most of the reasons why this is so have already been mentioned: (1) the lack-of-luggage argument was made at the very end of the case; (2) the prosecutor made the point several times and used a scene from a well-known movie for emphasis; (3) the prosecutor waited until rebuttal to bring up the argument even though he was fully aware of Maloney’s defense theory much earlier; (4) there was no evidence regarding the existence of luggage in the record, despite the fact that Maloney testified and the prosecutor could have asked him about any luggage on cross-examination; (5) defense counsel moved for an opportunity to respond, stating that Maloney would have testified that he in fact did have luggage with him prior to his arrest; and (6) the judge did not admonish the jury to disregard the argument about the absence of luggage. In addition, during the jury’s deliberations, the jury sent a question to the judge concerning the items in Maloney’s possession at the time that he was arrested. This indicates that the prosecutor’s lack-of-luggage argument had an impact on the jury’s deliberations. Taken together, all these factors show that the court’s error was not harmless.
The majority nevertheless concludes that the error was harmless because “the evidence against Maloney was strong.” (Maj. Op. at 1148) In my view, the majority substantially overestimates the strength of the government’s case. The case turned on whether Maloney was deemed credible by the jury. When a case comes “down to a battle over credibility,” improper arguments are more likely to have an effect on the fundamental fairness of'the trial. See Sanchez, 659 F.3d at 1260 (“Because the sole issue in Sanchez’s case centered on witness credibility, the [improper prosecutorial] statement likely affected the jury’s ability to decide the case fairly.”).
The length of the jury’s deliberations and its request for evidence showing the personal property possessed by Maloney when he was arrested further underscore *1153 the closeness of this case. Even though the trial’s testimony and argument took the equivalent of only a day, the jury deliberated an entire afternoon and the next morning before reaching its verdict, which indicates that the verdict hung in the balance. This suggests a far closer case than the majority acknowledges.
I am equally unpersuaded by the majority’s additional reasons for why the district court’s error was harmless. First, the majority notes that defense counsel, in his request for surrebuttal, “stated that Maloney would have testified that he had a bag, but he did not know what happened to it.” (Maj. Op. at 1148) The majority then determines that, “[i]f the jury would have heard this argument, it would have been easy for the jury to infer that Maloney would have put the bag in the cab. Then when the bag went missing, he would have searched for the bag in the cab and found the nine bricks of marijuana on the top bunk.” (Maj. Op. at 1148)
The problem with this reasoning is that it rests on nothing more than speculation. One could just as easily speculate that, if Maloney had had the chance to explain why he did not know what happened to the bag, he would have stated that he was unaware that his bag was missing at the time that he was arrested, or that he had the bag beside him on the passenger seat when he was arrested and did not know what happened to it afterward, or offered some other plausible explanation for its disappearance that would have given him no reason to search the sleeping quarters of the cab and spot the bricks of marijuana. Indeed, the record indicates that Maloney had no need to check the sleeping quarters of the cab because he slept in hotel rooms, rather than inside the cab, while he was on the road.
The majority also states that, “in light of the other evidence against Maloney, and in the context of the other arguments made by both counsel, we cannot conclude that the luggage argument was prominent in the jury’s mind.” (Maj. Op. at 1148) I respectfully disagree. The prosecutor thought enough of the lack-of-luggage argument to save it for “sandbagging” on rebuttal summation, with the argument being not just a passing reference but a central feature. And the jury was sufficiently interested in the argument to request information regarding the items in Maloney’s possession at the time of his arrest — and concerned enough about the proper outcome of the case to spend a relatively long time deliberating. I would therefore vacate the district court’s judgment and remand for a new trial. For all the foregoing reasons, I respectfully dissent.