# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-3449

_____

United States of America

*Plaintiff - Appellee*

v.

Jose Miguel Machorro-Xochicale

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: September 23, 2016
Filed: October 27, 2016

_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.

_____

GRUENDER, Circuit Judge.

A jury convicted Jose Miguel Machorro-Xochicale of unlawful use of identification documents, in violation of 18 U.S.C. § 1546(a), and misuse of a social security account number, in violation of 42 U.S.C. § 408(a)(7)(B). Machorro-Xochicale appeals, claiming there was insufficient evidence to show that he

committed the offenses. He also alleges the district court[1] abused its discretion when it prevented him from cross-examining a witness about and arguing selective prosecution at trial. We affirm.

On October 31, 2014, Machorro-Xochicale applied for a job with Mehmert Tiling, a construction business located in Saratoga, Iowa. Brent Mehmert, the president of Mehmert Tiling, was present when Machorro-Xochicale completed a Form I-9. Machorro-Xochicale listed a social security number ending in "2828" on the Form I-9, indicated he was a non-citizen national of the United States, and signed and dated the document. Additionally, as part of the application process, Machorro-Xochicale presented Mehmert with identification documents—a permanent resident card ending in "344" and a social security card ending in "2828." Mehmert testified that he did not tell Machorro-Xochicale which documents to provide and that Machorro-Xochicale knew which documents were required to be hired and work in the United States. Mehmert reviewed the identification documents and the Form I-9, but he did not sign the second page of the Form I-9, which certifies under penalty of perjury that he examined Machorro-Xochicale's identification documents.

Mehmert hired Machorro-Xochicale and his brother on November 3, 2014. Mehmert testified that he spoke very little Spanish, so he would communicate with Machorro-Xochicale in English. He also testified that Machorro-Xochicale appeared to understand instructions given in English.

A short while later, immigration agents came to Mehmert Tiling to investigate Machorro-Xochicale's brother. Because Machorro-Xochicale and his brother had similar names, Mehmert accidentally gave immigration authorities Machorro-Xochicale's employment paperwork. Immigration agents then investigated

---

[1]The Honorable Michael J. Melloy, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Machorro-Xochicale's permanent resident card and social security card and found that they were falsified. Immigration officials then obtained a warrant for Machorro-Xochicale and arrested him.

Immigration and Customs Enforcement Agent Richard Moore testified that while en route to Cedar Rapids, Iowa, he advised Machorro-Xochicale of his *Miranda* rights in Spanish. Machorro-Xochicale replied in Spanish, stating that he understood his rights and was willing to be interviewed without an attorney. After a few questions in Spanish, Machorro-Xochicale began spontaneously responding in English. Machorro-Xochicale admitted that he bought the permanent resident card and social security card for $200 from an unknown person in Chicago, knew they were false documents, and understood it was against the law to use the false documents to obtain employment. During the ride, Agent Moore and his partner were armed, but their guns were holstered and concealed. Machorro-Xochicale never saw their weapons.

Machorro-Xochicale was charged in a two-count indictment with unlawful use of identification documents and misuse of a social security account number. At trial, defense counsel questioned Agent Moore regarding whether the Government would prosecute Mehmert for his failure to complete the employer's portion of the Form I-9. Machorro-Xochicale alleged that the Government's decision not to prosecute Mehmert demonstrates that Machorro-Xochicale was selectively prosecuted based on his race or nationality. The district court sustained the Government's objection to the question, finding that whether Mehmert failed to fill out the employers' portion of the Form I-9 was not relevant to the issue of whether Machorro-Xochicale committed the offenses charged in the indictment.

Machorro-Xochicale moved for a judgment of acquittal at the close of evidence. The district court denied the motion and reaffirmed its decision to exclude so-called evidence of selective prosecution. The jury found Machorro-Xochicale

guilty on both counts. Machorro-Xochicale was sentenced to 126 days' imprisonment and a one-year term of supervised release.

We review Machorro-Xochicale's claims of insufficient evidence *de novo*, "considering the evidence in the light most favorable to the government and accepting all reasonable inferences that may be drawn therefrom in favor of the verdict." *United States v. Ellis*, 817 F.3d 570, 573 (8th Cir. 2016). We emphasize that our review of the trial evidence is "highly deferential," *United States v. Mosby*, 101 F.3d 1278, 1282 (8th Cir. 1996), because "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial," *Ellis*, 817 F.3d at 573 (quotations omitted). Accordingly, "we will reverse a conviction only if no reasonable jury could have found the defendant guilty." *Id.*

To convict Machorro-Xochicale on the unlawful use of identification documents count, the Government had to prove beyond a reasonable doubt that (1) Machorro-Xochicale knowingly used documents prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, and (2) Machorro-Xochicale knew the documents had been forged, counterfeited, falsely made, or unlawfully obtained. *See* 18 U.S.C. § 1546(a); *United States v. Elzahabi*, 557 F.3d 879, 885 (8th Cir. 2009) (reciting the same standard for alien registration receipt cards). To convict Machorro-Xochicale on the misuse of a social security account number count, the Government had to prove beyond a reasonable doubt that (1) Machorro-Xochicale represented a social security account number as assigned to him by the Commissioner of Social Security; (2) this representation was false; (3) he made the representation with the intent to deceive; and (4) he used the social security number for the purpose of obtaining a benefit to which he was not entitled. *See* 42 U.S.C. § 408(a)(7)(B); *United States v. Porter*, 409 F.3d 910, 915 (8th Cir. 2005).

Machorro-Xochicale first claims that there is insufficient evidence showing that he was the person who submitted the documents, suggesting that the person may have been his brother. We disagree. At trial, Mehmert testified that Machorro-Xochicale completed the form and provided him with the Form I-9 and identification documents. He was thoroughly cross-examined regarding the identity of the person completing the forms. The jury heard this testimony, and as we have noted, "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial." *Ellis*, 817 F.3d at 573 (quotations omitted).

Second, Machorro-Xochicale contends there is insufficient evidence that he possessed the requisite intent for both crimes. He alleges that because he did not understand English, the Government cannot prove intent. Additionally, he argues that because his Form I-9 was incomplete and because he marked the non-citizen national box incorrectly, the evidence just shows that he was confused. Both arguments are without merit.

Even if Machorro-Xochicale could not read the Form I-9, there is still ample evidence—such as his own statements to Agent Moore—demonstrating that he knowingly used forged identification documents and that he knew they were forged.[2] Machorro-Xochicale admitted that he bought the permanent resident card and social security card for $200 from an unknown person in Chicago, knew they were false documents, and understood it was against the law to use the fraudulent documents to obtain employment. Thus, this is not a case where "no reasonable jury could have

---

[2]Machorro-Xochicale also argues that these statements were made under coercive circumstances and should be given little weight because Agent Moore and his partner possessed holstered firearms while questioning him. We reject this argument. Agent Moore read Machorro-Xochicale his *Miranda* rights. Machorro-Xochicale then voluntarily waived his rights when he acknowledged that he understood the *Miranda* warnings and voluntarily answered Agent Moore's questions.

found the defendant guilty." *See id.* Accordingly, viewing the evidence in the light most favorable to the verdict, there is sufficient evidence to support the jury's guilty verdict for unlawful use of identification documents and misuse of a social security account number.

Finally, Machorro-Xochicale contends that the district court abused its discretion in excluding testimony and argument related to his selective-prosecution defense. Machorro-Xochicale alleges that the Government's decision not to prosecute Mehmert for his failure to sign the Form I-9 demonstrates that Machorro-Xochicale was selectively prosecuted based on his race or nationality. He sought to elicit testimony during cross-examination and to argue the defense during closing arguments.

"We review a district court's evidentiary rulings for abuse of discretion, including those regarding the scope of cross examination." *United States v. Gordon*, 510 F.3d 811, 816 (8th Cir. 2007). "This court reviews rulings on the conduct of closing arguments for abuse of discretion." *United States v. Martin*, 391 F.3d 949, 956 (8th Cir. 2004). The district court properly excluded this testimony and any argument on selective prosecution.

Machorro-Xochicale first raised this defense at trial. However, a claim of selective prosecution "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(A)(iv); *see also United States v. Huber*, 404 F.3d 1047, 1054 (8th Cir. 2005) ("A selective-prosecution claim . . . must be raised before trial . . . . Otherwise, it is waived.") (quotations omitted). Machorro-Xochicale presented no explanation or excuse for his failure to present this argument before trial, and thus, we conclude that Machorro-Xochicale waived his selective prosecution defense. *See United States v. Salahuddin*, 765 F.3d 329, 350 (3d Cir. 2014), *cert. denied*, 135 S. Ct. 2309 (2015). Because he waived this defense, the

district court did not abuse its discretion in refusing to admit such evidence. *See United States v. Regan*, 103 F.3d 1072, 1082 (2d Cir. 1997) ("[T]he selective prosecution defense is an issue for the court rather than the jury.") (quotations omitted); *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983) ("[T]he issue of selective prosecution is one to be determined by the court . . . as it relates to an issue of law entirely independent of the ultimate issue of whether the defendant actually committed the crimes for which she was charged.").

For the foregoing reasons, we affirm.

_____