# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2276

_____

United States of America

*Plaintiff - Appellee*

v.

Jeremy Allen Gatton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: May 14, 2018
Filed: July 31, 2018

_____

Before SMITH, Chief Judge, BEAM and COLLOTON, Circuit Judges.

_____

BEAM, Circuit Judge.

Jeremy Gatton appeals the district court's[1] finding that he violated his conditions of supervision and his revocation sentence of 120 days of home detention with a monitoring device, for which he was ordered to cover the costs. Gatton's 120-

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

day sentence, which commenced on May 23, 2017, was completed in September 2017, and his appeal is therefore moot unless he can identify "some concrete and continuing injury other than the now-ended incarceration or parole." Spencer v. Kemna, 523 U.S. 1, 7 (1998). Gatton asserts that the concrete and continuing injury that he has suffered is the cost he was required to remit for his GPS monitoring, and if his revocation sentence is overturned on appeal, he could possibly be refunded those costs. This is a collateral consequence sufficient to avoid the mootness doctrine. See United States v. Serrapio, 754 F.3d 1312, 1318 (11th Cir. 2014) (holding that completed home-monitoring sentence was not moot because the district court denied defendant's motion to waive the costs of monitoring and if he prevailed on appeal, he *could* be granted a refund of those costs).

Gatton argues on appeal that 18 U.S.C. § 3583(d) (standards for supervised release conditions) is unconstitutional as applied to him because the two supervision conditions that he was found to have violated–possession of sexually stimulating material, and unauthorized computer and internet use–violate his First Amendment rights. As Gatton failed to object to the district court that these two supervised release conditions were unconstitutional as applied to him, we review the conditions imposed for plain error. United States v. Poitra, 648 F.3d 884, 888 (8th Cir. 2011). The district court did not plainly err in imposing the complained of conditions. The restrictions placed upon Gatton's possession of sexually explicit material and his unauthorized use of computers were not unreasonable, because they were related to, and in fact a direct consequence of, the circumstances surrounding his underlying conviction for possession and distribution of child pornography, and involved no greater deprivation than necessary. 18 U.S.C. § 3583(d); United States v. Deatherage, 682 F.3d 755, 764 (8th Cir. 2012) (upholding restrictions on possession of sexually stimulating materials and unauthorized computer use for a similarly situated child pornography offender). And, the government presented sufficient evidence that Gatton violated those terms by possessing what the district court found to be a sexually explicit book called manga, and by accessing a computer without his

probation officer's consent. Gatton admitted the computer violations but said they were based upon the mistaken belief that he had consent to use the computer. Accordingly, the district court's finding that Gatton violated his conditions of supervision was not clearly erroneous; nor was the 120-day home detention/GPS monitoring revocation sentence an abuse of the district court's discretion. See United States v. Miller, 557 F.3d 910, 914-16 (8th Cir. 2009) (standards of review). Thus, we affirm.

_____