# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-2843

_____

United States of America

*Plaintiff - Appellee*

v.

Jose Lopez-Garcia

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: June 10, 2019
Filed: September 3, 2019
[Unpublished]

_____

Before GRUENDER, ARNOLD, and STRAS, Circuit Judges.

_____

PER CURIAM.

The district court[1] sentenced Jose Lopez-Garcia to six months in prison after a jury found him guilty of unlawfully using an identification document, 18 U.S.C. § 1546(a). We affirm his conviction but dismiss the challenge to his sentence.

The government charged Lopez-Garcia, who is in the country illegally, with using a fake permanent-resident card to get a job at a restaurant. At trial, one of the restaurant's managers stated that Lopez-Garcia presented the card, which had his photograph on it, before he was hired. According to a federal immigration officer, the alien-identification number on the card belonged to someone else, Lopez-Garcia had been previously arrested while trying to enter the United States, and he admitted to being in the country unlawfully.

This evidence, when viewed "in the light most favorable to the government," was sufficient to prove that Lopez-Garcia both "knowingly used" the permanent-resident card and "knew [that it] had been forged, counterfeited, falsely made, or unlawfully obtained." *United States v. Machorro-Xochicale*, 840 F.3d 545, 548 (8th Cir. 2016). The jury was entitled to find that Lopez-Garcia knowingly used the card when he presented it to the restaurant manager. *Cf. United States v. Ramos*, 814 F.3d 910, 915 (8th Cir. 2016) (explaining that "knowledge must necessarily be shown circumstantially" (citation omitted)). It could also find, based on the testimony of the officer, that Lopez-Garcia knew the card was fake. After all, *his* photograph appeared on it, even though he was aware that he "did not have permission to be in the United States."

Lopez-Garcia's argument that his six-month sentence is unreasonably long is moot because his sentence has already expired. *See United States v. Hill*, 889 F.3d 953, 954 (8th Cir. 2018). When a former prisoner wishes to challenge his sentence, it is his burden to "identify some concrete and continuing injury other than the now-

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

ended incarceration or parole." *United States v. Gatton*, 897 F.3d 1001, 1002 (8th Cir. 2018) (internal quotation marks and citation omitted). Here, Lopez-Garcia vaguely suggests that the length of his sentence may expose him to immigration consequences, but he fails to explain what they are, much less cite any statute, regulation, or rule that might come into play, either now or in the future. So we cannot say that he has shown a sufficiently clear injury to seek review of a sentence that he has already served.

We accordingly affirm Lopez-Garcia's conviction and dismiss the appeal of his sentence.

_____