# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1477
_____

United States of America

*Plaintiff - Appellee*

v.

Luis Gonzalez-Esparsa

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: January 16, 2020
Filed: April 22, 2020

_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.

_____

GRASZ, Circuit Judge.

Luis Gonzalez-Esparsa was convicted of unlawful use of an identification document in violation of 18 U.S.C. § 1546(a), and misuse of a social security number in violation of 42 U.S.C. § 408(a)(7)(B). The district court[1] sentenced Gonzalez-Esparsa to five months of imprisonment and three years of supervised release.

---

[1]The Honorable C.J. Williams, District Judge for the Northern District of Iowa.

Gonzalez-Esparsa appealed both the sufficiency of the evidence, and the substantive reasonableness of the five-month sentence. However, Gonzalez-Esparsa concedes his challenge to his sentence is now moot. Only his challenges to his conviction are before us on appeal. We affirm.

## I. Background

Gonzalez-Esparsa, a native and citizen of Mexico, has never been lawfully present in the United States. In 2018, he was hired by Midwest Concrete Inc. in Peosta, Iowa. As part of his employment onboarding, Gonzalez-Esparsa was required to complete a Form I-9, W-4 tax forms, and an employment application. The I-9, along with other employment paperwork, was completed using a permanent resident card with an Alien Registration Number. Additionally, the W-4 was completed using a social security number, representing that this was the number Gonzalez-Esparsa was assigned by the Commissioner of Social Security.

It was later determined the Alien Registration Number on the permanent resident card did not belong to Gonzalez-Esparsa, but to a female from Mexico. The social security number presented was also assigned to another person.

Gonzalez-Esparsa's use of the false permanent resident card and social security number came to light after he was arrested for a different violation. After the arrest, the county jail contacted Deportation Officer Billy Walker to release Gonzalez-Esparsa to him on an immigration detainer. Gonzalez-Esparsa admitted to Officer Walker he was illegally present in the United States. Officer Walker initiated removal proceedings, and in the process noticed Gonzalez-Esparsa was wearing a Midwest Concrete shirt. As Officer Walker began to piece together that Gonzalez-Esparsa had been in the United States since about 2000, but was not in the immigration system or a lawful resident, he decided to contact Midwest Concrete to inquire about Gonzalez-Esparsa's status with the company.

Midwest Concrete provided Officer Walker with Gonzalez-Esparsa's I-9, state and federal W-4s, and copies of the permanent resident card and social security card used for the I-9. Officer Walker soon determined the permanent resident card and social security card presented to Midwest Concrete were not lawfully issued to Gonzalez-Esparsa. Gonzalez-Esparsa was then charged with unlawful use of an identification document and misuse of a social security number in violation of federal laws.

During the jury trial, after the close of the government's evidence, Gonzalez-Esparsa moved for judgment of acquittal on both counts, claiming there was insufficient evidence to convict him of the charged crimes. Regarding Count One, the use of the false permanent resident card, Gonzalez-Esparsa argued there was insufficient evidence he was the person who placed the permanent resident card in Midwest Concrete's shop mailbox during his employment onboarding, or that he had knowledge the card itself was "forged, counterfeited, or unlawfully obtained." As to Count Two, the use of the false social security number, Gonzalez-Esparsa argued that because he never discussed his employment eligibility with Midwest Concrete, there was insufficient evidence he intended to deceive his employer. The district court denied the motion and the jury found Gonzalez-Esparsa guilty on both counts.

## II. Analysis

We review de novo the sufficiency of the evidence supporting a conviction, "considering the evidence in the light most favorable to the government and accepting all reasonable inferences that may be drawn therefrom in favor of the verdict." *United States v. Ellis*, 817 F.3d 570, 573 (8th Cir. 2016). This standard is "highly deferential." *Id.* (quoting *United States v. Kirk*, 528 F.3d 1102, 1111 (8th Cir. 2008)). We will reverse only if we conclude "no reasonable jury could have found the defendant guilty." *Id.*

## A. Unlawful Use of Identification Document

A conviction under 18 U.S.C. § 1546(a) requires proof beyond a reasonable doubt that a defendant: (1) "knowingly used documents prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States;" and (2) "knew the documents had been forged, counterfeited, falsely made, or unlawfully obtained." *United States v. Machorro-Xochicale*, 840 F.3d 545, 548 (8th Cir. 2016).

The government presented sufficient evidence of both elements at trial. When Gonzalez-Esparsa was hired by Midwest Concrete he was given the I-9, W-4, and an employment application and was specifically told to fill out the paperwork, return it to the office, and provide two forms of identification. Specifically, he was told to return the paperwork to the mailbox in the shop. The I-9, W-4, and employment paperwork were retrieved from the mailbox — including a permanent resident card and social security card, each identifying Gonzalez-Esparsa. His application indicated Gonzalez-Esparsa was eligible for employment in the United States. And as we have previously held, a permanent resident card and a social security card are both "documents prescribed by statute or regulation as evidence of authorized stay or employment in the United States." *Machorro-Xochicale*, 840 F.3d at 548–49.

Based on this evidence, a reasonable juror could find the government met its burden of proving the first element required for a violation of § 1546(a). The circumstantial evidence indicates the employment paperwork was completed using fraudulent identification documents that are prescribed by statute. The paperwork, along with the fraudulent social security card and permanent resident card bearing Gonzalez-Esparsa's photo, were placed in the employee mailbox, which was accessible only to employees on the work crew, and was otherwise in a secured shop. In light of this evidence, it was reasonable for a jury to conclude it was Gonzalez-

Esparsa who knowingly used these prescribed documents in his employment paperwork.

There was also sufficient evidence to satisfy the second element of § 1546(a), that Gonzalez-Esparsa knew the documents were forged, counterfeited, falsely made, or unlawfully obtained. Gonzalez-Esparsa freely admitted to Officer Walker that he was a citizen of Mexico and was not legally present in the United States. He never claimed to be a lawful permanent resident nor to have ever come in contact with the United States immigration system since arriving in the country. There was evidence Gonzalez-Esparsa was never issued an alien registration number, and that the government does not issue illegal aliens lawful permanent resident cards. Considering this evidence, a reasonable juror could conclude Gonzalez-Esparsa knew the permanent resident card bearing his name and photograph had been forged, counterfeited, falsely made, or unlawfully obtained when he used it to secure employment.

### B. Misuse of Social Security Card

A conviction under 42 U.S.C. § 408(a)(7)(B), for misuse of a social security card, requires proof beyond a reasonable doubt that a defendant: "(1) for any purpose, (2) with the intent to deceive, (3) represented a social security number to be his or another person's, (4) which representation was false." *United States v. Porter*, 409 F.3d 910, 915 (8th Cir. 2005). The evidence shows Gonzalez-Esparsa knowingly represented on his W-4 a social security number belonging to another person. Gonzalez-Esparsa also gave this social security number to Midwest Concrete in his employment application. A reasonable juror could conclude Gonzalez-Esparsa made the false representation regarding his purported social security number in order to deceive Midwest Concrete in order to obtain a job with the company, satisfying the elements of § 408(a)(7)(B).

### III. Conclusion

Because the government presented sufficient evidence from which a reasonable jury could find Gonzalez-Esparsa guilty, we affirm.

_____