# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1323

_____

United States of America

*Plaintiff - Appellee*

v.

Adner Toj-Velasquez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: January 13, 2020
Filed: May 29, 2020
[Unpublished]

_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

Following a jury trial, the district court[1] convicted Adner Toj-Velasquez of misusing a social-security number. *See* 42 U.S.C. § 408(a)(7)(B). We affirm his conviction.

_____

[1] The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

Toj-Velasquez, a citizen of Guatemala, entered the United States illegally. When he applied for a job on a dairy farm, the owner gave him blank I-9 and W-4 forms to complete. Rather than answer that he did not have a social-security number, he listed one belonging to someone else. The only issue we have to address is whether there was sufficient evidence that he had an intent to deceive the person who hired him.[2]

The government proved intent by highlighting Toj-Velasquez's past efforts at evading immigration laws. *See generally United States v. Lawson*, 483 F.2d 535, 537–38 (8th Cir. 1973) (discussing how common it is to prove intent by circumstantial evidence). It established, among other things, that he had been stopped multiple times along the United States–Mexico border, had been sent back to Mexico, and had once unsuccessfully applied for a visitor's visa. Yet he still claimed to be a United States citizen and listed someone else's social-security number on his I-9 and W-4 forms, despite admitting during the investigation that he knew he was in the country illegally. Based on these facts, it was reasonable for the jury to conclude that he misused the social-security number with the intent to fool the dairy farmer into hiring him. *See United States v. Gonzalez-Esparsa*, 956 F.3d 1015, 1018 (8th Cir. 2020) (concluding that knowing use of someone else's social-security number in an employment application supported a finding of intent to deceive the employer).

Toj-Velasquez argues that the jury should not have drawn this conclusion for a variety of reasons. Some of them, like the fact that there was no evidence that he "purchased identification documents on the black market," are beside the point. *See* 42 U.S.C. § 408(a)(7)(B); *United States v. Machorro-Xochicale*, 840 F.3d 545, 548 (8th Cir. 2016) (listing the elements of the crime). Others simply ask us to draw different inferences than the jury did. None, however, changes the fact that a

<hr>

[2] Toj-Velasquez also challenged the length of his prison sentence, but once he was released, this issue became moot. *United States v. Hill*, 889 F.3d 953, 954 (8th Cir. 2018).

"reasonable jury could have found [Toj-Velasquez] guilty." *United States v. Cook*, 356 F.3d 913, 917 (8th Cir. 2004).

We accordingly affirm the judgment of the district court.

_____