# United States Court of Appeals

### For the Eighth Circuit

_____

No. 20-1571
_____

United States of America

*Plaintiff - Appellee*

v.

Maria Morales-Martinez, also known as Dalia Espinoza

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: November 10, 2020
Filed: November 19, 2020
[Unpublished]
_____

Before BENTON, KELLY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Maria Morales-Martinez appeals the district court's[1] judgment entered after a jury found her guilty of knowingly using a false identification document as evidence

_____

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

of authorized employment, in violation of 18 U.S.C. § 1546(a), and of misusing a social security number not assigned to her, in violation of 42 U.S.C. § 408(a)(7)(B). Her counsel has moved for leave to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing the district court erred in denying her motion to dismiss based on prosecutorial vindictiveness, and challenging the sufficiency of the evidence.

After careful review, we conclude the district court did not err in denying Morales-Martinez's motion to dismiss based on prosecutorial vindictiveness. *See United States v. Chappell*, 779 F.3d 872, 878-79 (8th Cir. 2015) (standard of review). There was no evidence to support the claim that the government acted out of vindictiveness or retaliated against Morales-Martinez for exercising any right. *See United States v. Williams*, 793 F.3d 957, 963-64 (8th Cir. 2015) (discussing a defendant's burden of proof for vindictive-prosecution claim).

Furthermore, we conclude the evidence was sufficient to support Morales-Martinez's convictions. The evidence at trial established, in part, that Morales-Martinez knew she could not work under her own name due to her unlawful presence in the United States, provided her employer with a Form I-9, Form W-4, and social security card bearing another individual's name and social security number, and provided a fake driver's license with her picture but a name matching the social security card. Viewing the evidence in the light most favorable to the verdict, a reasonable juror could have concluded beyond a reasonable doubt that Morales-Martinez knew the social security card was unlawfully obtained for purposes of her § 1546(a) conviction, and that she acted with an intent to deceive for purposes of her § 408(a)(7)(B) conviction. *See United States v. Gonzalez-Esparsa*, 956 F.3d 1015, 1017-18 (8th Cir. 2020) (discussing standard of review and elements of offenses); *United States v. Machorro-Xochicale*, 840 F.3d 545, 549 (8th Cir. 2016).

Finally, we have independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment.

_____